Cathy NASH, Natural Guardian and
Next Friend ex rel. Alan
ALEXANDER, Appellant,

v.

Otis R. BOWEN, Secretary of Health
and Human Services, Appellee.

No. 88–2542.

United States Court of Appeals,
Eighth Circuit.

Submitted May 9, 1989.

Decided Aug. 10, 1989.

James W. Stanley, Jr., N. Little Rock, Ark., for appellant.

Joseph Liken, Dallas, Tex., for appellee.

Before FAGG and MAGILL, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Cathy Nash filed an application for disabled children's benefits on behalf of her son, Alan Alexander, on July 10, 1986, alleging that he had been disabled since March 1986 because of sickle cell anemia. Nash now seeks judicial review under 42 U.S.C. § 405(g) of the Secretary's decision denying her son disability benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.* We affirm in part and reverse in part.

BACKGROUND

Alan Nash was born in 1985. At the age of three months, Alan was referred to a pediatric hematologist, Dr. D.H. Berry, at the Arkansas Children's Hospital. Dr. Berry diagnosed Alan as suffering from sickle thalassemia disease, an illness related to sickle cell anemia. According to Cathy Nash and Alan's grandmother, Barbara Brown, Alan's general physical condition has declined rapidly over the first two

years of his life. He fatigues easily and has an impaired sense of balance, an increased thirst, and asthma. Nash also testified that Alan suffers from frequent severe pain crises in his stomach, legs and joints. These episodes, during which the child will clutch at his stomach and fall to the floor, occur at least once a week and last approximately 30 to 40 minutes. Nash explained that the crises are precipitated by over-exertion or hot weather. Alan also complains of headaches at least once a week. Nash and Brown testified that there is little they or the medical professionals can do to stop one of these episodes and they attempt to relieve the pain with children's aspirin. Alan has been prescribed Pen–Vee K, a type of penicillin, and folic acid, both of which help Alan fight infections.

## DISCUSSION

The ALJ found that Alan did not suffer from an impairment or combination of impairments either listed in or equal to one listed in 20 C.F.R. Part 404, Subpart P, No. 4, Appendix 1, and as a result, Alan was not under a "disability" as defined in the Social Security Act.

Nash raises two issues on appeal. First, she challenges the validity of 20 C.F.R. § 416.924 which requires that a child under the age of 18 prove that he or she suffers from an impairment which meets or equals a listed impairment in Appendix 1. According to Nash, this regulation is inconsistent with 42 U.S.C. § 1382c(a)(3)(A), which grants disability benefits to children whose impairments are "of comparable severity" to those listed in Appendix 1. Second, she argues that the ALJ erred in finding that her son's disease did not meet the listing for sickle cell anemia.

### .I.   VALIDITY OF 20 C.F.R. § 416.924

The standard for evaluating claims for disabled children's benefits under Title XVI of the Social Security Act is whether the child has an impairment which is "of comparable severity" to an impairment which

would render an adult disabled. 42 U.S.C. § 1382c(a)(3)(A). Under section 416.924, the Secretary will find that a child under age 18 is disabled if he or she:

(a) Is not doing any substantial gainful activity; and

(b) Has a medically determinable physical or mental impairment(s) which compares in severity to any impairment(s) which would make an adult (a person age 18 or over) disabled. This requirement will be met when the impairment(s)—

(1) Meets the duration requirement; and

(2) Is listed in Appendix 1 of Subpart P of Part 404 of this chapter; or

(3) Is determined by [the Secretary] to be medically equal to an impairment listed in Appendix 1 of Subpart P of Part 404 of this chapter.

20 C.F.R. § 416.924.

Nash argues that the standard in this regulation is more restrictive than the standard for adults because adults may prove disability either by showing that they have an impairment listed or equal to impairments listed in Appendix 1, or by showing that an impairment is severe enough to preclude the person from engaging in substantial gainful activity. In the case of a child under 18, a finding of disability based on whether he or she can work is unavailable.

This question, while one of first impression in the Eighth Circuit, has been addressed by many other circuits. In *Hinckley on behalf of Martin v. Secretary, Health and Human Services*, 742 F.2d 19 (1st Cir.1984), the First Circuit rejected the argument that the regulations governing children's disabilities are unreasonably restrictive. It noted that children seldom work and thus it would be inappropriate to consider whether a child is able to engage in "substantial gainful activity." *Id.* at 22.

Furthermore, the *Hinckley* court found that the Secretary had recognized that the disabilities of children and adults cannot be judged by identical standards and had sup-

plemented the listings in Part A with listings in Part B, applicable only to children, which evaluate impairments in terms of a child's functional capacity. *Hinckley,* 742 F.2d at 23 n. 2. Because the Secretary made allowance for the differing impairments and the differing levels of severity between children and adults, the First Circuit found the regulation valid. *Hinckley,* 742 F.2d at 23. *Accord, Burnside on behalf of Burnside v. Bowen,* 845 F.2d 587 (5th Cir.1988) (minor claimant with cystic fibrosis was evaluated under proper legal standard); *Powell by and through Powell v. Schweiker,* 688 F.2d 1357 (11th Cir.), *reh'g denied,* 694 F.2d 727 (11th Cir.1982) (failure to carry over adult evaluation scheme for children's disabilities was not inconsistent with statutory definition of disability); *Wills v. Secretary of Health and Human Services,* 686 F.Supp. 171 (W.D.Mich.1987) (Secretary has permissibly construed the "comparable severity" language of the statute).

A recent Third Circuit decision, *Zebley by Zebley v. Bowen,* 855 F.2d 67 (3rd Cir. 1988), *cert. granted,* — U.S. —, 109 S.Ct. 2062, 104 L.Ed.2d 627 (1989) conflicts with the *Hinckley* decision. *Zebley* held that the Secretary's regulatory scheme for children's benefits was too restrictive to be consistent with the statute because it denied children the opportunity for an individualized assessment of the severity of their functional limitations. *Zebley,* 855 F.2d at 69.

■ In light of the fact that the issue will be decisively addressed by the Supreme Court in the near future, we need not determine under what conditions the regulation would unfairly prejudice a child seeking disability benefits. We simply hold that the regulation, as applied in this case, is not invalid. First, we do not believe that the statute requires the Secretary to determine whether a three-year old child has the functional capacity to perform substantial gainful activity. Such an inquiry would be highly speculative. Second, the listing for childhood sickle cell anemia (section 107.05)

differs greatly from the listing for adult sickle cell anemia (section 7.05) and appears to provide for a finding of disability in a broader range of cases. We believe this distinction afforded Alan with the opportunity for an individualized assessment of his impairment and eliminated any conflict between the statutory definition of "comparable severity" and the regulatory scheme.

## II. EQUIVALENCE TO SICKLE CELL ANEMIA LISTING

The ALJ evaluated Alan's impairment under section 107.05 of the listings. That section provides in part:

107.05  Sickle Cell Anemia.  With:

A.  Recent, recurrent, severe vaso-occlusive crises (musculoskeletal, vertebral, abdominal);  or

B.  A major visceral complication in the 12 months prior to application;  or

C.  A hyperhemolytic or aplastic crisis within 12 months prior to application;  or

D.  Chronic, severe anemia with persistence of hematocrit of 26 percent or less; or

E.  Congestive heart failure, cerebrovascular damage, or emotional disorder * * *.

In March and April 1987, the ALJ submitted the medical file to Dr. O.H. Clopton for his opinion regarding the severity of Alan's disease. Based on this physician's report, the ALJ held that Alan's impairment did not meet or equal any of the requirements of section 107.05. He disregarded Nash's testimony with regard to Alan's pain episodes because it was "not documented in the medical evidence."

■ After carefully reviewing the record, we do not agree with the district court that substantial evidence supports the finding that Alan's disease does not meet or equal the listed impairment. At the time Dr. Clopton rendered his medical opinion, he found "no documented evidence of frequent crisis situations." Yet, the testimony of Nash and Brown clearly indi-

cated that Alan's pain episodes were recurrent and severe. There is no evidence that Dr. Clopton had access to this testimony when rendering his medical opinion. Furthermore, medical notes from the Arkansas Children's Hospital, dated April 8, 1987, indicate that Alan had suffered from two episodes of abdominal pain within the week, each lasting 20 to 30 minutes. These notes corroborate the testimony of Nash and Brown that Alan has been experiencing severe pain crises. No medical opinion, however, has been obtained to explain the presence of these crises and to determine whether they meet the listing requirement.

The ALJ indicated at the hearing that the regulation pertaining to sickle cell anemia is difficult for the layperson to decipher. We agree. For that reason, we believe that a remand is required to allow the ALJ to submit further interrogatories to Dr. Clopton and Dr. Berry for the purpose of determining whether the pain crises presently experienced by Alan are severe enough to render him disabled under section 107.05.

We therefore hold that, in the present case, 20 C.F.R. § 416.924 does not violate the statutory scheme set out in 42 U.S.C. § 1382c(a)(3)(A). We find, however, that insufficient evidence exists in the record to support the ALJ's conclusion that Alan's sickle thalassemia disease does not meet or equal the listed impairment of 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 107.05. We remand to the district court for further proceedings consistent with this opinion.